UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KILLRAINE DEAN,

                                PLAINTIFF,        **AMENDED COMPLAINT**

             -AGAINST-                              15-CV-8825

NEW YORK CITY, POLICE OFFICER KATHLEEN
MYERS and POLICE OFFICER SHERIF BAKSH,
individually, and in their capacity as members of the New
York City Police Department,

                                DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Killraine Dean ("Mr. Dean") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about June 23, 2015, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Dean to *inter alia* false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Dean, is a 34-year-old citizen of the United States and at all times here relevant resided at 567 Fort Washington Avenue, Apartment 1E, New York, NY 10033.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Kathleen Myers ("PO Myers") and Police Officer Sherif Baksh ("PO Baksh") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Dean is 34-years old and works for CitiBank Private Banking.

11. On or about June 23, 2015, at approximately 9:40 pm, Mr. Dean got into his vehicle with a friend and started to drive southbound on St Nicholas Avenue.

12. Mr. Dean noticed a police car that was parked outside his barber's shop.

13. Mr. Dean drove in accordance with all traffic laws.

14. A police car drove up behind Mr. Dean and signaled for him to pull over at the intersection of 189th Street and St. Nicholas Avenue in Manhattan.

15. Mr. Dean pulled over his vehicle.

16. PO Baksh and PO Myers approached Mr. Dean's vehicle and asked for his identification.

17. Mr. Dean provided the officers with his license and registration documents.

18. After several minutes the officers instructed Mr. Dean to exit his vehicle.

19. Mr. Dean asked PO Baksh why he needed to exit the vehicle, but PO Baksh refused to answer.

20. Mr. Dean repeatedly asked PO Baksh why he was being arrested, but PO Baksh refused to explain.

21. Mr. Dean exited his vehicle as instructed and again asked for an explanation as to what was happening, but none was given.

22. Several more police officers arrived at the scene.

23. PO Baksh grabbed Mr. Dean's arms and handcuffed him behind his back.

24. As Mr. Dean was being handcuffed, PO Baksh sprayed pepper-spray in Mr. Deans' face.

25. Mr. Dean experienced a burning sensation in his eyes and face and was in excruciating pain.

26. Mr. Dean still asked the officers why he was being arrested but the officers refused to answer.

27. Mr. Dean was put in a police vehicle and driven to the 34th Precinct.

28. While in the police vehicle, PO Baksh and PO Myers told Mr. Dean that there was a warrant for his arrest relating to drug charges in New Jersey.

29. Mr. Dean told the officers that he had no involvement with drugs whatsoever and worked as a banker with Citi Private Bank.

30. Mr. Dean gave the officers his full name and date of birth and social security number.

31. The officers realized that Mr. Dean was not the subject of the warrant.

32. Mr. Dean was extremely distraught and PO Myers told him to calm down and that everything would be taken care of.

33. Mr. Dean was taken to the 34th Precinct and held in a cell.

34. Mr. Dean complained to several police officers that he had been mistakenly arrested, but no police officers, including PO Myers, helped Mr. Dean.

35. PO Baksh informed Mr. Dean, in sum and substance, that "if he had have just listened to him he wouldn't be here".

36. Mr. Dean was informed he would be charged with Reckless Driving and Resisting Arrest.

37. Mr. Dean was shocked and denied the charges.

38. After several hours Mr. Dean was taken to Central Bookings.

39. Mr. Dean was charged with Reckless Driving and Resisting Arrest.

40. On or about October, 2015, Mr. Dean attended court and all charges were dismissed on motion of the District Attorney.

41. Mr. Dean continues to feel traumatized by the events of June 2015, and is wary and fearful when he sees police officers.

42. Mr. Dean takes efforts to avoid police officers when in public.

43. Mr. Dean suffered physical injuries as result of the incident, including burning sensation in his eyes and face.

44. Mr. Dean suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

45. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

46. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

47. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

48. Defendants confined plaintiff.

49. Plaintiff was aware of, and did not consent to, his confinement.

50. The confinement was not privileged.

51. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

52. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

53. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

54. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

55. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

56. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

57. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

58. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

59. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

60. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### FOURTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

61. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

62. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

63. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

64. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

65. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FIFTH CAUSE OF ACTION

(Retaliatory Prosecution)

66. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

67. Plaintiff exercised his First Amendment right to freedom of speech when making his complaint at the Precinct.

68. In retaliation, plaintiff was arrested and prosecuted without any legal justification or probable cause.

69. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed to be determined at trial.

## SIXTH CAUSE OF ACTION

(42 USC 1983 – Malicious Abuse of Process)

70. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

71. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

72. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff suffered from defendants' malicious abuse of process.

73. Defendants employed regularly issued legal process to compel performance or forbearance of an act, with intent to do harm to plaintiff and without excuse or

justification, and in order to obtain a collateral objective that was outside the legitimate ends of the process.

74. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

75. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
> And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         June 28, 2016

By: _____/s/_____
Duncan Peterson (DP 7367)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075